IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LINDA L. CARDEN | ) | |
| | ) | |
| v. | ) | NO. 2-14-0046 |
| | ) | JUDGE SHARP |
| NANCY BERRYHILL,[1] ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY | ) | |

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 12). For the reasons stated herein, Plaintiff's Motion is DENIED.

INTRODUCTION

This is a civil action for judicial review of the Social Security Administration's denial of benefits to Plaintiff Linda L. Carden. On March 12, 2011, Plaintiff filed applications for disability benefits under Title II and for supplemental security income under Title XVI, alleging that the onset date for her disability was February 8, 2011. The Social Security Administration ("SSA") denied both applications, and Plaintiff filed a written request for a hearing. An Administrative Law Judge ("ALJ") held a hearing on November 5, 2012, at which Plaintiff and Ernest W. Brewer, a vocational expert testified. In a report dated January 31, 2013, the ALJ found that Plaintiff was not disabled under the Social Security Act. Administrative Record ("AR"), found at Docket No. 10, p. 11.[2]

---

[1] Nancy Berryhill became acting Commissioner for the Social Security Administration on January 23, 2017.

[2] The Court cites the AR by the page numbers which are stamped in the bottom right corner of the document.

ADMINISTRATIVE HEARING

At the hearing, Plaintiff confirmed that her work history for the past 15 years included accounts payable clerk, server in a restaurant, and craft sales. AR, p. 29. She stated that she left her last job as an accounts payable clerk because of constant pain in her feet and in her nerves and because she couldn't stay focused. *Id*., p. 30. She testified that she also had trouble with her vision and could not afford glasses. *Id*. In addition, she stated that she was being treated for emotional and psychological problems. *Id*., p. 31.

Plaintiff testified that neuropathy affected her ability to do a stand-up job because she had constant pain in her feet and radiating pain into her hands and arms. AR, p. 32. She stated that she has good days and bad days, probably five or six out of seven being bad. *Id.* Plaintiff testified that she has problems with depression and she was at the "maximum amount" of her depression medication. *Id.,* pp. 32-33. Plaintiff stated that she also suffers from memory loss associated with her HIV/AIDS. *Id*., p. 33.

Mr. Brewer, the vocational expert, testified (using the Dictionary of Occupational Titles) that a person fitting the ALJ's hypothetical[3] and closely approaching advanced age, with a high school plus education and prior relevant work experience, could perform jobs in the areas of food preparation worker at the medium level, hand packaging type jobs, and inspector-grader type jobs. AR, pp. 36-37. Brewer also testified that if Plaintiff had mild to moderate pain, it would not change

---

[3] The hypothetical included the following characteristics: residual functional capacity for a range of medium work; limited to one hour of walking at a time; no more than frequent pushing or pulling bilaterally with either upper or lower extremity; no more than occasional climbing, kneeling, crouching or crawling; work with only casual and superficial contact with co-workers and the public; limited to direct and non-confrontational supervision; and changes in the workplace limited to infrequent and gradually introduced. AR, pp. 35-36.

his testimony; but severe pain would eliminate the jobs he had identified. *Id.*, pp. 37-38. Furthermore, Brewer stated that if Plaintiff had a combination of impairments that would require her to be absent from her normal eight-hour work day for five days a week (up to ten percent of the time on a regular basis), that also would eliminate the jobs he had identified. *Id.*, p. 38.

THE FIVE-STEP INQUIRY

The claimant bears the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant's physical or mental impairment must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

In determining disability, the SSA and the ALJ consider a five-step sequential evaluation process. The Sixth Circuit has described these five steps as:

(1) A claimant who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

(2) A claimant who does not have a severe impairment will not be found to be disabled.

(3) A finding of disability will be made without consideration of vocational factors if a claimant is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the Regulations. Claimants with lesser impairments proceed to step four.

(4) A claimant who can perform work that he has done in the past will not be found to be disabled.

(5) If a claimant cannot perform his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007).

## ADMINISTRATIVE DECISION

The ALJ in this case made the following findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

(2) The claimant has not engaged in substantial gainful activity since February 8, 2011, the alleged onset date.

(3) The claimant has the following severe impairments: human immunodeficiency virus (HIV) and depressive disorder.

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

(5) The claimant has the residual functional capacity to perform the full range of medium work except that she is limited to one hour of walking at a time; she is limited to no more than frequent pushing and/or pulling bilaterally with her arms; she can do no more than occasional climbing, kneeling, crouching, and/or crawling; she is limited to work where contact with co-workers and the general public is limited and superficial; supervision should be direct and non-confrontational; and she can adapt to infrequent and gradual changes in the workplace.

(6) The claimant is unable to perform any past relevant work.

(7) The claimant was born on January 20, 1959, which defines her as an individual closely approaching advances age, on the alleged disability onset date, when she was 52 years old.

(8) The claimant has at least a high school education and is able to communicate in English.

(9) Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills.

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

(11) The claimant has not been under a disability, as defined in the Social Security Act, from February 8, 2011, through the date of the ALJ decision.

AR, pp. 13-18.

## PLAINTIFF'S STATEMENT OF ERRORS

Plaintiff contends that the ALJ erred in the following ways:

(1) Failing to find that Plaintiff's peripheral neuropathy constituted a "severe impairment".

(2) Failing to follow 20 C.F.R. § 404.1527 in his consideration of the medical assessment completed by consultant examiner Donita Keown, MD.

Docket No. 13, p. 3.

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the ALJ and whether the correct legal standards were

applied. 42 U.S.C. § 405(g); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*; *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's decision, the Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).

The Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). The Court has the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g).

## ANALYSIS

Severe Impairment

Plaintiff contends that the ALJ should have found, at step two of the analysis, that Plaintiff's peripheral neuropathy constituted a "severe impairment."[4] The ALJ found that Plaintiff had two severe impairments: HIV and depressive disorder. AR, p. 13.

The second step in the disability evaluation process requires the ALJ to consider the medical severity of the claimant's impairments. *Schults v. Colvin*, 1 F.Supp.3d 712, 718 (E.D. Ky. 2014). An impairment is considered severe if it "significantly limits an individual's physical or mental ability to perform basic work activities." *Id*. For an impairment to be "not severe," it must be a slight

---

[4] Defendant points out that Plaintiff did not list neuropathy on her disability report as a physical condition that limited her ability to work. *See* AR, p. 147.

abnormality that has no more than a minimal effect on the ability to do basic work activities. *Id.*; *see also* SSR 96-3p, 1996 WL 374181 (July 2, 1996).

If the ALJ finds that at least one of the claimant's alleged impairments is severe in nature, the claim survives the step two screening process. 20 C.F.R. § 404.1520(a); *Schults*, 1 F.Supp.3d at 718. Because the regulations instruct the ALJ to consider both severe and non-severe impairments in the remaining steps of the disability determination analysis, any impairment erroneously labeled as "non-severe" will not be ignored altogether. *Id*. For this reason, courts have consistently held that an ALJ does not commit reversible error when he or she decides that some of the claimant's impairments are not severe, but finds that other impairments are severe and proceeds with his or her analysis. *Id.* at 719. Once any one impairment is found to be severe, the ALJ must consider both severe and non-severe impairments in the subsequent steps. *Id.*

Plaintiff testified that she suffers from constant pain in her feet, hands and arms. The ALJ found that the medical records indicate that Plaintiff has sought consistent treatment for pain, swelling, tenderness and redness in various parts of her body associated with complications from HIV and neuropathy. AR, p. 15.[5] Because the ALJ considered neuropathy in his analysis, along with the two impairments which he found to be severe, he did not err in failing to find that neuropathy was not severe.

Dr. Keown's Medical Assessment

---

[5] The consulting physician, Dr. Keown, found that Plaintiff had HIV positive and neuropathy. AR, p. 389. Dr. Cohn, a non-examining state agency physician, indicated that Plaintiff's primary diagnosis was HIV and her secondary diagnosis was neuropathy. *Id.*, p. 451. His records reflect that Plaintiff's neurologist related her neuropathy to HIV. *Id.*, p. 458. Dr. Kohn also reported that Plaintiff "has some problems with neuropathy, however, sensory exam on recent exam mostly normal." *Id.*

Plaintiff argues that the ALJ erred by failing to follow 20 C.F.R. § 404.1527 in considering the medical assessment completed by Dr. Keown. The SSA has promulgated regulations for the agency to use in evaluating medical evidence and opinions. For example, the agency is required to evaluate every medical opinion it receives. 20 C.F.R. § 404.1527(c). Generally, the agency gives more weight to the medical opinion of a source who has examined the claimant than to the medical opinion of a medical source who has not examined the claimant. 20 C.F.R. § 404.1527(c)(1). The agency must give the opinion of a *treating physician* controlling weight if it finds that opinion well supported and not inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). Dr. Keown is not a treating physician; she is a consulting, examining physician.

The ALJ stated that he gave "partial weight" to the opinion of Dr. Keown. AR, p. 17. He found that Dr. Keown's opinions regarding Plaintiff's postural and walking limitations were consistent with the medical evidence of record. Plaintiff contends that the ALJ erred in not mentioning Dr. Keown's opinions regarding Plaintiff's ability to lift and carry. The ALJ found no limitations as to those activities. The ALJ was not required to provide any explanation for choosing to give weight to some of Dr. Keown's findings but not all of them. Social Security regulations require the agency to provide good reasons for the weight given to a *treating* physician's opinion. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009), but Dr. Keown is not Plaintiff's treating physician. Dr. Keown was a consulting physician, and her opinions need not be evaluated in accordance with the treating physician rules. *Rudd v. Comm'r of Soc. Sec.*, 531 Fed. Appx. 719, 730 (6th Cir. 2013).

In addition, the ALJ's opinion not to include lifting and carrying limitations is supported by medical evidence (including Dr. Keown's) that Plaintiff retained full strength. AR, pp. 335, 338 and

8

389. For these reasons, the ALJ did not err with regard to Dr. Keown's opinions on lifting and carrying.

## CONCLUSION

The Court finds that Plaintiff's Motion for Judgment on the Administrative Record should be, and is, DENIED. The decision of the SSA is AFFIRMED.

IT IS SO ORDERED.

_Kevin H. Sharp_
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE